**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-4962**

———————

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

DERRICK LAMONT BRUNSON,

          Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (4:06-cr-00343-TLW)

———————

Submitted:  August 27, 2008    Decided:  September 11, 2008

———————

Before WILKINSON, MICHAEL, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Michael A. Meetze, Assistant Federal Public Defender, Florence, South Carolina; Aileen P. Clare, Research and Writing Specialist, Columbia, South Carolina, for Appellant. Reginald I. Lloyd, Assistant United States Attorney, Columbia, South Carolina; Rose Mary Sheppard Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derrick Lamont Brunson appeals his convictions for being a felon in possession of a firearm and possession with intent to distribute crack cocaine and marijuana. Brunson's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Although concluding that there are no meritorious issues for appeal, counsel questions whether the Fed. R. Crim. P. 11 hearing was sufficient; whether the firearm statute exceeded Congress's authority under the Commerce Clause; and whether the district court erred in finding that Brunson's predicate convictions were violent offenses, even though Brunson's plea agreements for those convictions designated the offenses non-violent. Brunson filed a pro se supplemental brief, further discussing these issues and raising two additional claims: whether the firearm statute violated the Second Amendment and whether the predicate convictions needed to be proved beyond a reasonable doubt. The Government declined to file a brief. After a careful review of the record, we affirm.

I.

Because Brunson did not move in the district court to withdraw his guilty plea, his Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Before accepting a plea, the district court must ensure

2

that the defendant understands the nature of the charges against him, the mandatory minimum and maximum sentences, and various other rights, so it is clear the defendant is knowingly and voluntarily entering his plea. The court also must determine whether there is a factual basis for the plea. Fed. R. Crim. P. 11(b); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). Brunson does not allege any specific deficiency, and our review of the plea hearing transcript reveals that the district court conducted a thorough Rule 11 colloquy, ensuring that Brunson's plea was knowing and voluntary and that there was an independent factual basis for the plea.

## II.

Brunson asserts that the firearm statute under which he was convicted, 18 U.S.C. § 922(g)(1) (2000), exceeded Congress's authority under the Commerce Clause and violated the Second Amendment. We have previously considered and rejected a similar Commerce Clause challenge in United States v. Wells, 98 F.3d 808, 810-11 (4th Cir. 1996). Regarding the Second Amendment, the Supreme Court has recently upheld the "longstanding prohibition on the possession of firearms by felons." District of Columbia v. Heller, 128 S. Ct. 2783, 2816-17 (2008) (examining the Second Amendment). Accordingly, Brunson's constitutional challenges to the firearm statute are meritless.

3

III.

Brunson contended below, and again on appeal, that certain of his predicate convictions were labelled nonviolent by South Carolina pursuant to his state plea agreement. Brunson does not specify to which predicate convictions he refers nor does he submit the relevant plea agreements.

A defendant is an Armed Career Criminal when he violates § 922(g)(1) and has three prior convictions for violent felonies or serious drug offenses. 18 U.S.C.A. § 924(e)(1) (West Supp. 2008). A defendant is a Career Offender when the instant offense was a felony crime of violence or a felony controlled substance offense and the defendant has at least two prior felony convictions for crimes of violence or controlled substance offenses. U.S. Sentencing Guidelines Manual § 4B1.1(a) (2006). For purposes of both designations, a violent felony is defined as one that "has as an element the use, attempted use, or threatened use of physical force against the person of another" or "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B) (2000); USSG § 4B1.2(a)(1).

Brunson's prior convictions included a 1995 conviction for resisting arrest with a deadly weapon, a 1995 conviction for assault and battery of a high and aggravated nature, and 1996 convictions for assault and battery of a high and aggravated nature and possession with intent to distribute crack cocaine (arising out

4

of the same incident).  To determine whether a state-law offense falls within the definition of a violent felony, we use the categorical approach, which "takes into account only the definition of the offense and the fact of conviction."  United States v. Pierce, 278 F.3d 282, 286 (4th Cir. 2002).  South Carolina defines assault and battery of a high and aggravated nature as "the unlawful act of violent injury to another accompanied by circumstances of aggravation," South Carolina v. Fennell, 531 S.E.2d 512, 516 (S.C. 2000), and defines resisting arrest with a deadly weapon as resisting the lawful efforts of a law enforcement officer with "the use or threat of use of a deadly weapon,"  S.C. Code Ann. § 16-3-625 (2003).  Thus, both crimes are clearly crimes of violence for the purposes of the designation as an Armed Career Criminal or a Career Offender.

The only question remaining is whether an alleged state plea agreement altering that designation can be considered.  The Supreme Court has held that, when making such a determination, the trial court is required "to look only to the fact of conviction and the statutory definition of the prior offense," not to the facts underlying the conviction.  Taylor v. United States, 495 U.S. 575, 602 (1990).  The court can look beyond the statute only when the statute is "categorically overbroad, that is, if the statute covers some crimes that are 'crimes of violence' and others that are not."  See United States v. Diaz-Ibarra, 522 F.3d 343, 352 (4th Cir.

5

2008). Here, Brunson's prior offenses required a showing of violence or force for conviction; thus, the district court properly declined to consider documents or agreements beyond the statutes of conviction in determining that Brunson's prior offenses were violent crimes.

IV.

Brunson contends that he should not have been sentenced as an Armed Career Criminal because his prior convictions were not proved beyond a reasonable doubt. However, this argument fails under controlling precedent. See United States v. Thompson, 421 F.3d 278, 285-87 (4th Cir. 2005) (holding that where facts are inherent in the convictions themselves, "[n]o finding of fact by a jury is necessary"); see also United States v. Cheek, 415 F.3d 349, 352-54 (4th Cir. 2005) (holding that prior convictions used as the basis for an Armed Career Criminal sentence need not be charged in indictment or proven beyond a reasonable doubt).

V.

We have reviewed the record carefully pursuant to Anders, and we find no meritorious issues for appeal. Accordingly, we affirm Brunson's convictions and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.

If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

7